PAUL KOSSACK, PETITIONER-RESPONDENT, v. TOWN OF
BLOOMFIELD, RESPONDENT-APPELLANT.

Essex County Court
Law Division

Decided October 14, 1960.

*Mr. Perry E. Belfatto* for petitioner-respondent.

*Mr. Raymond L. Cunneen* for respondent-appellant.

MASUCCI, J. C. C.    This is an appeal from an award of
the Workmen's Compensation Bureau in favor of petitioner.

The facts are not in dispute.    The petitioner was a police
officer in the Town of Bloomfield on January 15, 1958 when,
while at home, he undertook and did clean his service revolver,

reloaded it and was in the act of restoring it to its holster when it slipped out of his hand and as the petitioner went to grab it before it hit the floor, the gun went off and he was accidentally shot in his right foot.

The issue is whether such an accident, because it happened in the petitioner's home and not during the course of his regular hours of active duty, is an accident which arose out of and in the course of his employment with the respondent so as to entitle the petitioner to workmen's compensation.

■ It is well settled and we start with the premise that the Workmen's Compensation Act is a remedial law of prime importance and should be liberally construed. *Sanders v. Jarka Corp.,* 1 *N. J.* 36 (1948).

In support of its contention that the accident did not arise out of and in the course of the petitioner's employment, the respondent cites the cases of *Crotty v. Driver-Harris Co.,* 45 *N. J. Super.* 75 (*Cty. Ct.* 1957), affirmed 49 *N. J. Super.* 60 (*App. Div.* 1958); *Reinhold v. Town of Irvington,* 134 *N. J. L.* 416 (*Sup. Ct.* 1946) and *Jasaitis v. City of Paterson,* 48 *N. J. Super.* 103 (*App. Div.* 1957), affirmed 31 *N. J.* 81 (1959).

The *Crotty-Driver* case, at 45 *N. J. Super.* 79, after stating that the phrase "arising out of" refers to the origin or cause of the accident and the term "in the course of" refers to the time, place and circumstances under which the accident took place, proceeds to quote *Belyus v. Wilkinson, Gaddis & Co.,* 115 *N. J. L.* 43, 47 (*Sup. Ct.* 1935):

"* * * An accident arises 'in the course of' the employment when it occurs (a) within the period of the employment; and (b) at a place where the employe may reasonably be; and (c) while he is reasonably fulfilling the duties of the employment, or doing something incidental to it. It arises 'out of' the employment when the risk of such an occurrence is reasonably incident to the employment. Such a risk is one that grows out of or is connected with what a workman has to do in fulfilling his contract of service. And a risk may be incident to the employment when it is either an ordinary risk, directly connected therewith, or one extra-ordinary in character, indirectly connected with the employment because of its special nature * * *."

The petitioner had the duty of keeping his service revolver at all times clean and serviceable. In cleaning the revolver he was, therefore, unquestionably fulfilling the duties of his office.

There was nothing in the Police Regulations or any instructions given by the Superior Officers as to either the time or place of cleaning his service gun. According to the testimony of the Chief of Police of respondent town, a police officer was not to clean his weapon while on duty. It then necessarily follows that he must clean it while off duty and on his own time. While it appears that police officers were supplied facilities and a place where their revolvers could be cleaned, there was no order or regulation restricting the cleaning of revolvers to the place and facilities provided by said department. Therefore, it is reasonable to assume that said cleaning and servicing could be done at any reasonably convenient place to the petitioner and where, more reasonable than the privacy of the home.

Therefore, the facts and circumstances of the instant case come within the ambit of the *Crotty-Driver* case and support the petitioner's contentions. The accident happened during the performance of a duty of his employment, that is, the cleaning of his service revolver; during a period of his employment, that is while cleaning this weapon, which would constitute a period of said employment and at a place where the petitioner might reasonably be, that is, at his home.

Nor does the *Jasaitis-Paterson* case help the respondent for that case holds that in the performance of the petitioner's duties (here the cleaning of his gun) the petitioner "would have returned to and within the orbit of his official duties" and while in the performance of his duties he has returned to his "on duty" status.

The *Jasaitis-Paterson* case further holds that: "A policeman is required to exercise his authority and perform his duties without direct orders when an emergency arises and,

while answering the call of duty during the emergency, he has returned to his 'on duty' status."

In the instant case, the petitioner admittedly was doing an act essential to and required in the performance of his duties as a police officer.

The result reached makes it unnecessary to consider the question of whether this case falls within any of the recognized exceptions to the general rule referred to in the second contention of respondent.

Therefore, in view of the foregoing, I find that petitioner, Kossack, suffered a compensable injury arising out of and in the course of his employment.

An appropriate order may be submitted.